UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

Plaintiff,

v.

SHENANIGANS LOUNGE; CHU'S
EATERY; CHU'S, INC.; CHEERFUL PIT
STOP RESTAURANT; PIT STOP SPORTS
BAR & BBQ GRILL, LLC; BUFFALO
BILL'S SALOON AND KISSIN' KATES
CAFÉ; TACHO'S MEXICAN
RESTAURANT; FORTUNE STAR
LOUNGE; JUMBO COMPANY, LLC; TOLO
TAVERN; BARKLEY'S FULL MOON
SALOON; BARKLEY'S INC.; 4
DAUGHTERS RESTAURANT & LOUNGE;
ROMICO, INC.; THE JUNGLE ROOM; WJ
WONG CORP.; THE ALIBI RESTAURANT
AND LOUNGE; THE ALIBI RESTAURANT,
INC.; CHOPSTICKS III-THE HOW CAN BE
LOUNGE; CHOPSTICKS III, LLC,

Defendant.

6:12-cv-1236-TC

FINDINGS AND RECOMMENDATION

Page 1 - FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiff manufactures and distributes karaoke accompaniment tracks sold under the name "Sound Choice®." Defendants comprise a group of independently-owned and operated bars, lounges and/or restaurants in Oregon. Defendant Romico, Incorporated owns and operates the bar "4 Daughters Irish Pub."[1] Defendant Chu's, Incorporated operates Defendant Chu's Eatery in Portland, Oregon. Defendant The Alibi Restaurant, Incorporated operates Defendant The Alibi Restaurant and Lounge, a restaurant and bar located in Portland, Oregon.

Plaintiff asserts in its complaint that its investigators discovered defendants providing karaoke entertainment for their customers using karaoke accompaniment tracks[2] displaying the Sound Choice trademark on defendants' karaoke monitors without holding the proper license or authority to use such mark or paying any royalty to plaintiff. (#1 at 11). Defendants provide karaoke entertainment services through karaoke jockeys (KJ).[3] Plaintiff alleges defendants used a method of "media-shifting" or "format shifting" (processes allowing for the copying, sharing, and distribution of media) in order to obtain the karaoke tracks. (Id. at 9). The gravamen of plaintiff's complaint is that each of the defendants possess or regularly utilize in their venues these unauthorized media-

---

[1] Plaintiff lists "4 Daugthers Irish Pub" as Defendant "4 Daughters Restaurant & Lounge" in its complaint.

[2] "Karaoke accompaniment tracks" are digital media containing recordings of re-created arrangements of popular songs that patrons of bars can sing along with. They often are accompanied by visual graphics that display the lyrics to the song.

[3] Entertainers who provide karaoke services in bars, restaurants, and other venues are known as karaoke jockeys, karaoke hosts, or karaoke operators. They maintain a catalog of songs available for performance in order to aid participants in selecting a song to sing.

Page 2 - FINDINGS AND RECOMMENDATION

shifted and format-shifted duplicates of karaoke accompaniment tracks falsely marked with Slep-Tone's trademark to draw customers and earn a profit. (#1 at 10-11).

This matter comes before me on Defendant Romico, Incorporated's, Defendant Chu's Incorporated's, and Defendant The Alibi Restaurant, Incorporated's (collectively, "defendants") Rule 12 Motions to dismiss, strike, or, in the alternative, amend plaintiff's complaint. ECF Nos. 34, 60 and 63. For the following reasons, I recommend the court grant defendants' motions in part and deny in part.

## Legal Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain sufficient factual matter accepted as true to "state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the opposing party is liable for the misconduct alleged. Id. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 546). When a party pleads facts that are "merely consistent with" an opponent's liability, the pleading "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). Although the pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). See also Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, a pleading also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 557.

## Discussion

I first consider defendants' preliminary allegations that plaintiff's claim should be dismissed for failing to adequately differentiate between defendants. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 [internal quotations omitted]. Defendants specifically assert that the complaint should differentiate between defendant institutions that provide in-house karaoke entertainment services and those that hire a karaoke jockey (KJ) as an independent contractor. However, as plaintiff notes in its opposition, this is an issue to be vetted in discovery. In the complaint, plaintiff individually and separately identifies the defendants, their places of business, plaintiff's investigators' observations, and the specific allegations against each individual defendant.[4]

---

[4]Paragraphs 17 and 18 of plaintiff's complaint (#1) describe Defendants Chu's Eatery and Chu's, Incorporated and lists their principal places of business. Paragraphs 98 and 99 describe plaintiff observing Defendant Chu's Eatery display the Sound Choice Mark without right or license.
    The complaint lists Defendants 4 Daughters Restaurant & Lounge and Romico, Incorporated and their places of business in paragraphs 28 and 29. Paragraphs 116 and 117 describe plaintiff observing Defendant 4 Daughters Restaurant & Lounge display the Sound Choice Mark without right or license.
    Defendants The Alibi Restaurant and Lounge and The Alibi Restaurant, Incorporated and their places of business are listed in paragraphs 32 and 33. Paragraphs 122 and 123 describe plaintiff observing Defendant The Alibi Restaurant and Lounge display the Sound Choice Mark without right or license.

Page 4 - FINDINGS AND RECOMMENDATION

I find that plaintiff pleads sufficient facts particularized to each defendant such that defendants are given fair notice of the allegations against them.

### I. Trademark Claim

Defendants allege that plaintiff's first claim for relief fails to state a plausible claim for either direct or secondary trademark infringement and should be dismissed. Direct trademark infringement requires alleging facts demonstrating (1) ownership of a valid trademark and (2) likelihood of confusion from defendant's use of the mark. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1354 (9th Cir. 1985). Furthermore, trademark infringement law only prohibits the use of a trademark in commerce. 15 U.S.C. § 1114.

First, defendants allege that plaintiff's claim for trademark infringement fails because plaintiff does not allege that the trademark was used in commerce or that defendant received money for providing karaoke services. However, plaintiff, in fact, alleges that defendant has used the plaintiff's trademarks in commerce in connection with the sale of goods and services.[5] I find that plaintiff has alleged facts suggesting the trademark has been used in commerce.

Second, defendants challenge the trademark claim alleging that plaintiff does not assert facts establishing a likelihood of confusion. "The test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1214 (9th Cir. 2012) [internal quotations omitted]. In this case, plaintiff has alleged that defendants' unauthorized use of counterfeits bearing plaintiff's mark is likely to cause consumer confusion by deceiving

---

[5]"Karaoke is an entertainment service and entertainment source often offered by bars and other venues to entice customers to enter and remain so that they will purchase drinks or other goods and services allowing the bar or venue to profit." (#1 at p.8)

Page 5 - FINDINGS AND RECOMMENDATION

customers and patrons into believing that the services are being provided with Slep-Tone's authorization. If, as alleged, plaintiff's mark is displayed during defendants' karaoke entertainment services, their customers and patrons would, in fact, be confused and may be led to falsely believe that the karaoke entertainment services were authorized by plaintiff. I find a reasonably prudent consumer in the marketplace would likely be confused as to the origin of karaoke accompaniment tracks if they were to falsely bear plaintiff's Sound Choice mark during the karaoke entertainment services.

Defendants also challenge a secondary trademark infringement claim based on vicarious liability. This theory of liability requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product. Hard Rock Café Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1150 (7th Cir. 1992). Defendants raise the argument that the complaint does not include sufficient facts regarding the relationship of the defendants to the karaoke jockeys, that is, the potential third-party infringers. Plaintiff, however, does in fact describe defendants' relationships with the KJs in its complaint. At no point in the complaint does plaintiff deny defendants' ability to bind those providing the karaoke services in their establishments. Rather, plaintiff alleges these KJs are defendants' "employees, agents, or contractors." This is sufficient for a pleading of vicarious liability to overcome a 12(b)(6) motion. I find that plaintiff's complaint states a plausible claim for trademark infringement, whether direct or secondary.

Defendants next assert that the doctrine of "nominative fair use" bars any claim for trademark infringement. Nominative fair use refers to a defendant's use of the plaintiff's trademark to describe or identify the plaintiff's product. 3 J. Thomas McCarthy, McCarthy On Trademarks And Unfair

Page 6 - FINDINGS AND RECOMMENDATION

Competition § 23:11 (4th ed. 2006 & Supp. 2012) Since plaintiff alleges that defendants are using the Sound Choice Mark in connection with a product that is not the plaintiff's product, but rather, a counterfeit product, the nominative fair use doctrine does not apply. I find that the nominative fair use doctrine does not bar plaintiff's claim for trademark infringement.

Defendants assert that plaintiff's trademark infringement claim is barred by the United States Supreme Court's decision in Dastar Corporation v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003). In Dastar, the Court held that the Lanham Act does not protect against confusion as to the identity of the author of any idea, concept, or communication. However, Dastar does not apply to the present case. Plaintiff is not alleging confusion as to the identity of the author of the karaoke tracks in dispute. Rather, plaintiff alleges that its trademark has been affixed to a product that defendants are using to generate customers and revenue - a product that is not plaintiff's product but a different "media-shifted" or "format-shifted" version of the product. I find that Dastar does not apply to bar plaintiff's claim for trademark infringement.

Defendants' final challenge to plaintiff's trademark infringement claim asserts that the claim should be barred by the "first sale doctrine." The first sale doctrine does not apply when the reseller is not selling the genuine product. Symantec Corp. v. CD Micro, Inc., 286 F.Supp.2d 1265, 1274 (2003). Here, plaintiff does not allege that defendants are selling the original article under the Sound Choice Mark. Rather, as previously stated, plaintiff has alleged that defendants have obtained forgeries of plaintiff's product with plaintiff's trademark affixed. I find that the first sale doctrine does not apply to bar plaintiff's trademark infringement claim because defendants' alleged infringement is by way of counterfeit products.

II. **Unfair Competition Claim under 15 U.S.C. 1125(a)**

Defendants assert that plaintiff's Unfair Competition claim under 15 United States Code section 1125(a) fails to state a claim under 12(b)(6) and should be dismissed. "[T]he elements of infringement and unfair competition claims are essentially the same; the rulings stand and fall together." Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1288 n.2 (9th Cir. 1992). Plaintiff has sufficiently pled a claim for trademark infringement as discussed above. I find that, as such, plaintiff also sufficiently pleads a claim for Unfair Competition.

III. **Unlawful Trade Practices under ORS §§ 646.608(1) and 646.638**

Defendants assert that Plaintiff's claim of Unlawful Trade Practices under Oregon Revised Statute (ORS) sections 646.608 and 646.638 should be dismissed because the statute is inapplicable as it applies to plaintiff. Courts have held that the Oregon Unlawful Trade Practices Act (UTPA) only protects "consumers." CollegeNet, Inc. v. Embark.com, Inc., 230 F.Supp.2d 1167, 1174. Plaintiffs must affirmatively allege facts suggesting they are consumers to bring a UTPA claim. Id. at 1175. Here, plaintiff does not allege it is a "consumer." Plaintiff, instead, argues that no where in the UTPA does the word "consumer" appear. Rather, the language of the UTPA states that any "person" may bring a claim under the Act and the UTPA defines Slep-Tone, a corporation, as a person. Plaintiff asserts the courts failed to properly interpret the Act.

After examining the text and statutory context of ORS section 646.638, the CollegeNet court determined that the statute's use of the word "person" was ambiguous and could have reasonably been interpreted to refer only to those persons who have purchased or contracted for goods or services. CollegeNet, Inc., 230 F.Supp.2d at 1173. The court then looked towards the legislative history for guidance and found that House Bill 3037, the final version of the UTPA, combined

Page 8 - FINDINGS AND RECOMMENDATION

several bills "introduced for consumer protection." Id. The language "unfair methods of competition" was deleted because the bill sought "to protect consumers rather than businesses." Id. at 1174. Courts interpreting the UTPA have almost uniformly recognized that it is first and foremost a consumer protection statute. Id. at 1173. Plaintiff has not alleged that it is a consumer of defendants' products and thus, I find that plaintiff lacks standing to maintain claims under the UTPA.

### IV. Trademark Counterfeit Claim

Since Plaintiff acknowledges in its response that relief for trademark counterfeiting is not presently claimed, I will not address the issues that pertain to such a claim. To proceed on a trademark counterfeiting claim, plaintiff would have to amend its pleadings.

### V. Attorney's Fees

Defendants' Motions to Dismiss are both granted in part and dismissed in part. I recommend no attorney's fees be awarded at this time.

### VI. Motion to Strike Pursuant to FRCP 12(f)

Defendants request that the Court strike any matter deemed to lack merit but that falls short of dismissal of the Complaint in its entirety. Given that I am recommending dismissal of plaintiff's claim for Unlawful Trade Practices under ORS sections 646.608(1) and 646.638, I recommend that the motion to strike be denied.

### VII. Motion to Strike References to "4 Daughters Restaurant & Lounge"

"Pleadings must be construed so as to do justice." Fed R. Civ P. R. 8(e). In instances where there is a misspelling of a party name, the court will substitute in the correct version. See Garred v. Wick, 2011 WL 1059086 (Feb. 11, 2011). Plaintiff has listed "4 Daughters Restaurant and Lounge" as a defendant in its complaint when, in fact, "4 Daughters Irish Pub" is the correct nomenclature.

Page 9 - FINDINGS AND RECOMMENDATION

Defendant Romico, Incorporated requests the Court strike portions of the Complaint that refer to "4 Daughters Restaurant and Lounge" because, Defendant Romico alleges, no such entity exists. Plaintiff has properly notified Defendant Romico and its subsidiary, 4 Daughters Irish Pub, of the allegations against them and service of process was effectuated against the latter. (#25 at 1) In the complaint, plaintiff correctly identifies the intended Defendant 4 Daughters Irish Pub's principal place of business (Medford, Oregon) and operating company (Defendant Romico, Incorporated). (#1 at 6) Upon Defendant Romico's own admission, 4 Daughters Irish Pub is a bar that it operates in Medford, Oregon providing karaoke entertainment and Defendant Romico refers to this establishment in addressing the allegations against it. (#36 at 1) I recommend that Defendant "4 Daughters Irish Pub" be acknowledged and substituted in as the actual defendant in this case and that "4 Daughters Restaurant and Lounge" not be referenced in future documents by either party.

**VIII.   Motion For A More Definite Statement Pursuant to FRCP 12(e)**

Defendants request that plaintiff make a more definite statement in its pleadings. Rule 12(e) allows a party to move for a more definite statement of a pleading where the pleading is so vague or ambiguous that the opposing party cannot reasonably issue a response. Fed. R. Civ. P. R. 12(e). Based on the pleadings and the above findings, I find that defendants have been sufficiently notified of the claims brought against them by plaintiff and that no amendment for a more definite statement is necessary at this time.

## Conclusion

For the reasons stated, I recommend defendants' motions to dismiss, ECF Nos. 34, 60 and 63 be granted in part and denied in part. Specifically, defendants' motions are granted with respect to plaintiff's third cause of action for Unlawful Trade Practices under ORS sections 646.608(1) and

646.638. Finally, I recommend that "4 Daughters Irish Bar" be recognized as the proper defendant in this case in lieu of "4 Daughters Irish Restaurant and Lounge."

    The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this _22_ day of February 2013.

                                                THOMAS M. COFFIN
                                              United States Magistrate Judge