IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SLEP-TONE ENTERTAINMENT )
CORPORATION, )
 )
        Plaintiff, )
 ) No. 6:12-cv-1236-TC
  v. )
 ) ORDER
SHENANIGANS LOUNGE; et al., )
 )
        Defendants. )
_____)

AIKEN, Chief Judge:

    Magistrate Judge Thomas M. Coffin filed Findings and Recommendation on February 22, 2013, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell

1      - ORDER

Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff objects to Magistrate Judge Coffin's recommendation that its Oregon Unlawful Trade Practices Act (UTPA) claims be dismissed asserting error in the interpretation of "person" under the statute. Specifically, plaintiff asserts the magistrate erred in looking to the legislative history when the text of the statute is clear. Despite plaintiff's objections, this court finds no reason to depart from the previous decisions by the judges of this court finding that the UTPA is limited to consumer actions. See, e.g., L & A Designs v. Xtreme ATVs, Inc., 2012 WL 1532417 (D.Or. April 30, 2012).

Defendants Chu's Eatery and Chu's Incorporated object to the apparent denial of that portion of their motion to dismiss or strike plaintiff's claim for attorney fees under O.R.S. §§ 20.080 and 20.082. Because the only state law claims in this action have been dismissed, the state fee shifting statute is inapplicable. See United States ex rel. Leno v. Summit Construction Co., 892 F.2d 788, 791 (Under federal law the American rule of fees applies and unless there is a separate state claim, attorneys' fees are not available). As in Leno, Congress did not intend to incorporate state law governing the award of attorneys' fees into the federal statutes at issue here. Indeed, Congress directed that fees only be awarded in exceptional cases with respect to violation of any

2       - ORDER

right associated with a trademark. See 15 U.S.C. § 1117(a). Accordingly, defendants' motion to dismiss the claim for attorney fees is granted.

Having given de novo review of Magistrate Judge Coffin's ruling, I adopt the Findings and Recommendation filed February 22, 2013, granting in part in denying part the motions to dismiss. In addition, to the extent not addressed in the Findings and Recommendation, the Chu's defendants motion to dismiss or strike the claim for attorney fees under O.R.S. §§ 20.080 and 20.082 is also granted.

## CONCLUSION

I adopt Magistrate Judge Coffin's Findings and Recommendation (#80) filed February 22, 2013. Defendants' motions to dismiss #s 34, 60, and 63 are granted in part and denied in part as stated in the Findings and Recommendation. In addition, defendants Chu's Eatery and Chu's Inc.'s motion to dismiss or strike the claim for attorney fees under O.R.S. §§ 20.080 and 20.082 is also granted.

DATED this 20th day of April, 2013.

_____
ANN AIKEN
UNITED STATES DISTRICT JUDGE

3    - ORDER